# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-00580-SCT

*JAMES RHEA*

*v.*

*CAREER GENERAL AGENCY, INC., GUIDEONE AMERICA INSURANCE COMPANY AND DENNIS BASDEN*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/2020 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| TRIAL COURT ATTORNEYS: | WILLIAM O. RUTLEDGE, III |
| | PHILLIP HYMAN |
| | CHRISTOPHER L. EHRESMAN |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM O. RUTLEDGE, III |
| | KAYLYN H. McCLINTON |
| | R. SHANE McLAUGHLIN |
| ATTORNEY FOR APPELLEES: | CHRISTOPHER L. EHRESMAN |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 09/28/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. This Court affirms the judgment of the Court of Appeals. We grant James Rhea's petition for writ of certiorari, however, to address this Court's holding in ***Wilburn v. Wilburn***, 991 So. 2d 1185 (Miss. 2008).

¶2. The facts of this case involve the formation of a promissory note between Rhea and Career General Agency, Inc, GuideOne America Insurance Co. and Dennis Basden.

(collectively, "Career General"). The details are accurately stated by the Court of Appeals. *See* **Rhea v. Career Gen. Agency, Inc**, No. 2021-CA-00580-COA, 2022 WL 17422154, at *1-2 (Miss. Ct. App. Dec. 6, 2022). We note only the facts relevant to this review.

¶3. The promissory note was allegedly signed in 2007 and paid off by 2017. Rhea filed this suit in 2018 claiming unconscionability, unjust enrichment, conversion and negligent infliction of emotional distress against Career General. Career General filed a motion to dismiss, asserting that the general three year statute of limitations expired in 2010. Rhea argued that under the doctrine of equitable estoppel and the continuing tort doctrine, the statute of limitations did not begin to run until he finished paying the note in 2017.

¶4. On February 3, 2020, the trial court granted Career General's motion to dismiss finding that equitable estoppel and the continuing tort doctrine did not apply and that the statute of limitations barred Rhea's claim. Ninety-nine days later, on May 12, 2020, Rhea filed a "Motion for New Trial, Amended Judgment or Reconsideration under Mississippi Rule of Civil Procedure 59" stating that he had not received notice of the court's order and asking the court to reconsider whether equitable estoppel and the continuing tort doctrine should apply.[1] On June 8, 2020, Career General responded to the Rule 59 motion and argued that Rhea had failed to present (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or prevent manifest injustice. But Career General did not raise the issue of timeliness in their response.

¶5. The trial court held a hearing on the motion on April 7, 2021. The court noted that

_____

[1]Mississippi Rule of Civil Procedure 59(e) provides ten days to file a motion to amend the judgment.

2

neither of the parties had raised the issue of timeliness and stated that it would move past the issue and deem the motion timely. Neither party objected. After the hearing, on April 22, 2021, the trial court entered an order denying Rhea's motion. Rhea filed a notice of appeal on May 20, 2021, appealing both the February 3, 2020 order and the April 22, 2021 order.

¶6. The case was assigned to the Court of Appeals, which affirmed the trial court's decision. *Rhea*, 2022 WL 17422154, at *4. The Court of Appeals *sua sponte* raised the issue of jurisdiction because of the untimeliness of the notice of appeal for the February 3, 2020 order. *Id.* at *2-3. The court found that it did not have jurisdiction to review the order granting dismissal but that it could review the order denying reconsideration. *Id.* Finding no error, the court affirmed the trial court's denial of reconsideration. *Id.* at *4. Judge McCarty wrote a special concurrence recommending that, in the future, parties should utilize Mississippi Rule of Appellate Procedure 4(h)[2] to reopen the time to appeal. *Id.* at *4-5 (McCarty, J., specially concurring).

¶7. Rhea filed this petition for writ of certiorari arguing (1) that the Court of Appeals opinion is directly contrary to this Court's holding in *Wilburn v. Wilburn*, 991 So. 2d 1185

---

[2]Mississippi Rule of Appellate Procedure 4(h) provides:

> The trial court, if it finds (a) that a party entitled to notice of entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Miss. R. App. P. 4(h).

(Miss. 2008); (2) that the trial court implicitly reopened the time for his appeal because he did not receive notice of the entry of the order dismissing the case; and (3) that the trial court applied the incorrect statute of limitations, an error which should be reviewed for plain error. We granted Rhea's petition as to his first assignment of error to correct the Court of Appeals' application of *Wilburn*, but we affirm the judgment of the Court of Appeals as to all other issues, including its ultimate disposition. *Rhea*, 2022 WL 17422154, at \*2.

¶8.     Mississippi Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend the judgment shall be filed not later than ten days after entry of judgment." Miss. R. Civ. P. 59(e). "[T]he trial court has *no authority or discretion to extend the 10-day time period*. M.R.C.P. 6(b)." *Carter v. Carter*, 204 So. 3d 747, 754 (Miss. 2016) (internal quotation marks omitted) (quoting Miss. R. Civ. P. 59 advisory comm. n.). Although not argued by either party, the Court of Appeals correctly noted that the trial court did not have the authority to deem Rhea's motion timely.

¶9.     The Court of Appeals, however, raised and distinguished this Court's finding in *Wilburn*. *Rhea*, 2022 WL 17422154, at \*2-3 (citing *Wilburn*, 991 So. 2d at 1191). In *Wilburn*, after a dramatic custody proceeding between William and Chasity Wilburn, Chasity filed a "Motion for Reconsideration" on June 12, 2007, of a final order entered by the chancellor on June 1, 2007. *Wilburn*, 991 So. 2d at 1191 (internal quotation marks omitted) On July 19, 2007, the court denied Chasity's motion without addressing its timeliness. *Id.* at 1190. Chasity filed a notice of appeal on August 8, 2007. *Id.* On appeal, William argued that because "Chasity's time for filing an appeal commenced on June 1, 2007, and, as she

4

did not file [a] notice of appeal until sixty-eight days later, on August 8, 2007, her appeal is barred as untimely." ***Id.*** at 1191. Chasity argued that William failed to raise the issue of timeliness of her motion to reconsider before the trial court and could not raise it before this Court for the first time on appeal. ***Id.*** This Court agreed with Chasity and found that although Chasity's motion for reconsideration was untimely, William was procedurally barred from raising the issue for the first time on appeal. ***Id.*** This Court retained jurisdiction over all issues in the appeal and reviewed the merits. ***Id.*** at 1195.

¶10. Interpreting ***Wilburn***, the Court of Appeals found in this case that

> The supreme court's holding was premised on the well-known axiom that our appellate courts do not review matters unless they are first raised before the trial court. Here, the circuit court and the parties were well aware of the motion's untimeliness, with the court's addressing the issue at the hearing. Therefore, we find the supreme court's reasoning in ***Wilburn*** is not applicable to the facts of this case.

***Rhea***, 2022 WL 17422154, at *3 (citations omitted). We agree with the Court of Appeals that ***Wilburn*** does not apply to this case, but we find it inapplicable for an entirely different reason.

¶11. A timely Rule 59 motion tolls the time for filing a notice of appeal until the court enters an order disposing of the motion. Miss. R. App. P. 4(d). The advisory committee note to Mississippi Rule of Civil Procedure 59 states that

> [i]f not filed within ten days after entry of the judgment, a Rule 59 motion for a new trial, to alter or amend the judgment, or for reconsideration does not toll the time period in which to file a notice of appeal. M.R.A.P. 4(d); *but see* ***Wilburn v. Wilburn***, 991 So. 2d 1185, 1190–191 (Miss. 2008) (Court refused to address the timeliness of appellant's notice of appeal even though appellant filed a motion to reconsider more than ten days after entry of judgment and did not file a notice of appeal within thirty days after the entry of judgment, noting

that the appellee did not object to the untimely motion to reconsider.)

Miss. R. Civ. P. 59 advisory comm. n. While an untimely Rule 59 motion cannot toll the thirty-day window for filing a notice of appeal, if the opposing party fails to object to the timeliness of the motion in the trial court, *Wilburn* stands for the proposition that arguments as to timeliness are procedurally barred. *Wilburn*, 991 So. 2d at 1191

¶12. We note, however, that in *Wilburn*, Chasity filed her motion for reconsideration one day late, but it was, nevertheless, within the thirty-day window for her to appeal. She still had the option to file a notice of appeal. *Id.*; Miss. R. App. P. 4(a). When William failed to object, he waived the forfeitable affirmative defense of timeliness as to the Rule 59 motion, and his right to contest whether the time for bringing an appeal had been tolled. *Carter*, 204 So. 3d at 754 ("The Sixth Circuit has held that Rules 6(b) and 59(e) are 'claim-processing rules that provide[ ] . . . [the nonmovant] with a forfeitable affirmative defense.'" (alterations in original) (quoting *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 475-76 (6th Cir. 2007))).

¶13. Here, when the trial court entered its order on February 3, 2020, Rhea had ten days to file a Rule 59 motion or thirty days to file a notice of appeal. Instead, Rhea filed a Rule 59 motion on May 12, 2020, ninety-nine days after the court's order. But the chicken had already flown the coop. When Rhea failed to file either a Rule 59 motion or an appeal within the thirty days, the case was over.[3] Litigants cannot file an untimely Rule 59 motion and

---

[3]We recognize that the Court of Appeals majority and special concurrence correctly found and noted other procedural vehicles that were available to Rhea for extending the life of the case. *See* Miss. R. App. P. 4(h); Miss. R. Civ. P. 60.

6

expect it to toll an appeal deadline. Even the ***Wilburn*** rule is dependent on the lack of diligence of the opposing party. A litigant certainly cannot file an untimely Rule 59 motion and expect tolling of an appeal window that has long since passed. In other words, if the thirty-day window for an appeal has already expired before a Rule 59 motion is filed, there is nothing for the Rule 59 motion to toll. You cannot unring that bell, you cannot get the genie back in the bottle, *iacta alea est*, the Rubicon has been crossed, etc.

¶14.    The Court of Appeals has set forth this same legal analysis in ***McChester v. McChester***, 300 So. 3d 1035, 1039 n.6 (Miss. Ct. App. 2020) ("the thirty-day window for filing a notice of appeal *had already expired before* Willie filed his untimely motion for a new trial. Willie's untimely motion could not extend or toll a time period that had already expired."). We agree.

¶15.    This Court's finds that its holding in ***Wilburn*** is inapplicable to the facts of this case because Rhea's Rule 59 motion was filed after the thirty-day window for filing a notice of appeal had passed. Rhea's motion could not toll a time period that had already expired. ***Wilburn***'s applicability is limited to circumstances in which an untimely Rule 59 motion has been filed *before* the expiration of the time frame in which a notice of appeal is allowed. We find that Court of Appeals in this case reached the correct decision but for the wrong reason. Regardless of whether the parties or the court raised the issue of timeliness, the Court of Appeals correctly found that it did not have appellate jurisdiction to review the February 3 order. The judgment of the Court of Appeals is affirmed.

¶16.    **AFFIRMED.**

7

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**